# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1674V

| | |
|---|---|
| MELANIE WORSLEY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 1, 2024<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Dustin Lee Van Dyk*, Palmer, Leatherman & White, LLP, Topeka, KS, for Petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 9, 2021, Melanie Worsley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccination she received on October 24, 2018. Petition at 1. On June 30, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 27.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $7,654.90[3] (representing $7,015.83 in fees plus $639.07 in costs). Petitioner's Motion

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner requested a total of $7,452.07 in fees and costs however the total of fees and costs is actually $7,654.90.

for Attorneys' Fees and Costs ("Motion") filed November 27, 2023, ECF No. 34. Petitioner also filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 33.

Respondent reacted to the motion on December 11, 2023, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 36. Petitioner filed no reply.

On February 12, 2024, I filed a scheduling order requesting that Petitioner submit documentation in support of her request for attorney costs. ECF No. 37. Petitioner filed the requested documentation on February 20, 2024. ECF No. 38. As counsel was unable to provide all documentation, however, Petitioner adjusts her request for costs to the lower amount of $538.47. This brings Petitioner's request for fees and costs to the reduced amount of $7,554.30.

In light of all the facts and circumstances of this case, particularly including the history of expedited resolution within the Special Processing Unit, and mindful of respondent's response to the instant application, I find (based upon review of the submitted billing records and my experience evaluating fee applications in similar Vaccine Act claims) that the overall amount sought for attorneys' fees and costs is reasonable. Thus, especially in the absence of any particularized objection from Respondent, further analysis is not warranted. Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). *J.B. v. Sec'y of Health & Human Servs.*, No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016) (addressing attorneys' fees and costs in the context of a history of attorneys' fees and costs awards in over 300 similarly situated SPU cases.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. Section 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs in its entirety.

**Accordingly, the undersigned awards the total of $7,554.30[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Dustin Van Dyk.**

The Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.